FILED
U.S. District Court
District of Kansas
10/14/2026
Clerk, U.S. District Court
By: MSB Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**LARRY E. GATLIN, III,**

**Plaintiff,**

**v.** **CASE NO. 26-3354-JWL**

**BRENNON BORGERSTOCK, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this civil action on August 10, 2026 in the District Court of Johnson County, Kansas. (Doc. 1-2, p. 1.) He is in custody at the Wyandotte County Detention Center in Kansas City, Kansas. This case was removed to this Court by Defendant Brennon Borgerstock on September 23, 2026, pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1.) On September 29, 2026, counsel for Defendants Shane Adams and Kyle McCullough entered an appearance in this case and obtained a Clerk's order extending the time in which to file their responsive pleading to Plaintiff's complaint. (Doc. 5.) The following Defendants have not yet entered an appearance in this case: the Wyandotte County Board of Commissioners ("the Board"), Jonathan Cortes, M.T. Johnson, S.N. Avenado, and the Unified Government of Wyandotte County ("the Unified Government").

This case is currently in the screening phase of proceedings and the deadline for Defendants to file an answer or responsive pleading is stayed. (*See* Doc. 6.) On October 2, 2026, the Court received from Plaintiff a motion to remand to the state court or, in the alternative, for default judgment. (Doc. 7.) Since Plaintiff is a prisoner and proceeds pro se, "he may rely on the 'prison mailbox rule,' which makes the date on which he presented his motion to prison officials for

mailing the filing date for timeliness purposes." *See United States v. Hopkins*, 920 F.3d 690, 696 n.8 (10th Cir. 2019). The postmark on the envelope in which Plaintiff mailed his motion to this Court reflects that at the latest, Plaintiff gave his motion to officials for mailing on September 29, 2026. (Doc. 7-1.)

In the motion, Plaintiff asserts that before the case was removed to this Court, he filed in state court a motion for default judgment against Defendants Cortes, Johnson, Avenado, the Board, and the Unified Government. (Doc. 7, p. 1.) Specifically, Plaintiff asserts that the state district court received his motion on September 20, 2026 and he asks this Court to remand to Johnson County District Court so that court can rule on the motion for default judgment. *Id.* In the alternative, if the Court is unwilling to remand this case, Plaintiff asks that this Court enter default judgment against Defendants Cortes, Johnson, Avenado, the Board, and the Unified Government. *Id.* Plaintiff asserts that he served these Defendants and they failed to file a responsive pleading by the applicable deadline. *Id.*

The Court will defer ruling on the motion at this time because it is unsigned. *See id.* Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name - - or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). And pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel). Under Rule 11, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a).

Plaintiff must submit a signed copy of his motion for remand on or before November 4, 2026. If he fails to do so, the motion (Doc. 7) will be stricken from the record. The motion for default judgment filed in the state district court has not been provided to this Court. Therefore, Plaintiff also should submit to this Court, on or before November 4, 2026, a copy of the motion for default judgment he filed in state district court and any evidence he has regarding when that motion was filed. If Plaintiff cannot provide this Court with a copy of the motion for default judgment he filed in state district court, he should explain, in writing, why he is unable to do so. If Plaintiff timely files in this Court a signed copy of the motion to remand currently located at Doc. 7, Defendants will have 14 days in which to file a response to the motion that addresses whether this case should be remanded.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until and including November 4, 2026, to submit (1) a signed copy of his motion for remand or, in the alternative, for default judgment and (2) either a copy of the motion for default judgment he filed in the state district court or a written response explaining why he is unable to do so. If Plaintiff timely files a signed copy of the motion, Defendants will have 14 days from the date the signed copy of the motion is filed in which to file a response that addresses whether this case should be remanded to state court.

**IT IS SO ORDERED**.

**Dated October 14, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**