FILED
U.S. District Court
District of Kansas
11/02/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

# Motion to Remand, 10-28-26

x [signature]

Larry Gatlin III
v.
Unified gov. of Wyandotte County

26-3354-JWL
Case Number

I may suffer undue unfair prejudice being forced to endure delay to collecting default judgment Award in state court. Before Removal I filed a motion to enter defendants in default. Herein I Request that the court Remand this case back to johnson County District Court, On September 20th I filed a Motion to enter defaulting Defendants judgement against them for all damages sustained and claimed. This Motion was filed to clerk jennie Leach. I complied with the Most recent order by requesting copies of the motion on october 16th 2026. I'm not certain that I will Recieve the copies before the November 4th deadline. It takes 4 business days for court clerks to Recieve anything I send. if I do Recieve the copies I will promptly send them and have my grandmother inform the clerk by phonecall for judicial Economy.

## Motion to Sever and Remand, pursuant §1447 & §1441

In the alternative overall, I Request that the court apply Rule 21 Federal principal to sever defaulting defendants and remand them back to State court. The State tort claims substantially predominate over the federal claims. The value of judical Economy, Convionence and comity fairness are better served to state court. Chamberlain v City of White plains 986 F.Supp 2D363 "the test for whether a plaintiff can maintain state law assault and battery causes of action against law enforcement officials is the same exact test as used to analyze a 4th Amendment Excessive force claim". Severing the defaulting defendants resolves jurisdictional defects of Removal. x [signature]

(continued)

(continued) Motion to Sever and Remand pursuant § 1447 + § 1441

In the occurance that I must seek leave to amend claims, it is proper to Sever defaulting defendants and appearing defendants. In my challenge to Removal, uncertainties regarding forum should be resolved in favor of the plaintiffs choice of forum in state court. In my 2nd challenge to Removal, the removing defendant supplied no proof that the defaulting defendants consented to removal by Signature. Defendants removal is defective and should presumably be Severed and Remanded. Im Aware default judgment cannot be entered where questions of joint liability exist. Severance is proper. K.S.A. 22-4611 KS-CPOST Racial Bias policing KSA 22-4606 Investigation

Judicial Review + Supplemental Brief x [signature]

I also filed a Supplemental Brief in johnson county District Court. In the Brief I explained that I am a State Mental health patient and I sought treatment at the wyandotte county Behavioral health Center. I was provided with a treatment plan through the rehabilitation program. I signed up for assistance with housing, psychologist appointments, therapy appointments, prescriptions and dental care. When the Edwardsville officers attacked me at gunpoint I was forcibly denied the plans, steps and rehabilitation of the program. I was denied the rights to partiepate in a program due to racial profiling and discrimination. I contacted my pretrial officer during the traffic stop I also requested accomodation for my Mental Disability and requested to speak to their supervisor. Officer McCullough lied and stated he was the sergeant and declined to accomodate my Request. They proceeded to attack me at gunpoint with knowledge I was unarmed, outnumbered and did not partake in any violent crimes. I also request that appearing defendants provide the court with copies of the Kansas Commission on Peace officers Standards and training Investigation. I gave Investigation Recorded testimony to Edwardsville Chief Deputy October 13th, 2026. The Racial Bias Investigation is complete.