FILED
U.S. District Court
District of Kansas
11/24/2026
Clerk, U.S. District Court
By: MSB Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**LARRY E. GATLIN, III,**

**Plaintiff,**

**v.** **CASE NO. 26-3354-JWL**

**BRENNON BORGERSTOCK, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Larry E. Gatlin, III filed this civil action on August 10, 2026 in the District Court of Johnson County, Kansas. (Doc. 1-2, p. 1.) He named the following individuals and entities as defendants: Brennon Borgerstock, Shane Adams, Kyle McCullough, the Wyandotte County Board of Commissioners ("the Board"), Jonathan Cortes, M.T. Johnson, S.N. Avenado, and the Unified Government of Wyandotte County ("the Unified Government"). On August 28, 2026, Plaintiff filed a declaration that he had completed service on all defendants via mail with return receipt delivery. *Id.* at 29. On September 14, 2026, counsel for Defendant Borgerstock entered his appearance in the case and obtained from the district court clerk a 14-day extension of time to respond. *Id.* at 33-38. The following day, counsel for Defendants Adams and McCullough did the same. *Id.* at 39-43. The remaining five defendants did not appear or file a responsive pleading.

On September 23, 2026, Defendant Borgerstock removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1.) On September 29, 2026, counsel for Defendants Adams and McCullough entered an appearance in this Court and obtained a Clerk's order extending the time in which to respond to the complaint. (Doc. 5.) The following day, this Court stayed the

deadline for all Defendants to respond to the complaint so that the Court may complete the statutorily required screening. (*See* Doc. 6.) As in the district court, none of the following defendants have as yet entered an appearance: the Board, Jonathan Cortes, M.T. Johnson, S.N. Avenado, and the Unified Government.

On October 2, 2026, the Court received from Plaintiff a motion to remand to the state court or, in the alternative, for default judgment. (Doc. 7.) In the motion, Plaintiff asserted that three days before the case was removed to this Court, he filed in state court a motion for default judgment against Defendants Cortes, Johnson, Avenado, the Board, and the Unified Government. (Doc. 7, p. 1.) That motion did not appear in the documents filed in this Court with the notice of removal, although it was filed by the state district court after the notice of removal was filed there. Plaintiff asked this Court to remand the case so that the state district court could rule on the motion for default judgment. *Id.* In the alternative, Plaintiff asked that this Court enter default judgment against Defendants Cortes, Johnson, Avenado, the Board, and the Unified Government because he served them and they failed to file a responsive pleading or get an extension in state court by the applicable deadline, which occurred prior to removal. *Id.*

Plaintiff's motion to remand was not signed, meaning it violated Federal Rule of Civil Procedure 11,[1] which requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name - - or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Under Rule 11, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a). Therefore, on October 14, 2026, the Court issued a memorandum and order

[1] Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

("M&O") directing Plaintiff to submit a signed copy of his motion to remand on or before November 4, 2026 or the motion would be stricken from the record. (Doc. 10.) The M&O also ordered Plaintiff to submit to this Court "a copy of the motion for default judgment he filed in state district court and any evidence he has regarding when that motion was filed" or "explain, in writing, why he is unable to do so." *Id.* at 3. Finally, the M&O ordered that if Plaintiff timely filed a signed copy of the motion to remand, Defendants were granted 14 days in which to file a response. *Id.*

On November 2, 2026, within the time set by this Court in the M&O, this Court received from Plaintiff a second motion to remand, this time bearing his signature. (Doc. 11.) Plaintiff argues again that he filed his motion for default judgment in state district court before the case was removed. *Id.* at 1. He further informs the Court that in mid-October, he requested that the state district court provide him copies of the motion for default judgment. *Id.* As of the time he mailed his second motion to remand to this Court for filing, Plaintiff had not yet received those copies, but he advises that he would file a copy in this case as soon as he is able. *Id.*

The second motion to remand then asks this Court to sever the defaulting defendants and remand the claims against them back to state court, citing judicial economy and asserting that the state tort claims in this case "substantially predominate over the federal claims." *Id.* Plaintiff also asserts the existence of jurisdictional defects in the removal that would be resolved if the Court takes this route. *Id.* at 1-2. To conclude his second motion to remand, Plaintiff informs the Court of some of the events that led him to file this case. *Id.* at 2-3.

Defendants Adams and McCullough timely filed a response to the second motion to remand. (Doc. 12.) Defendant Borgerstock did not file a response. Defendants Adams and McCullough argue that to the extent the second motion to remand raises jurisdictional defects in

the removal, such arguments were not in the first motion to remand and are untimely. *Id.* at 1-4. In any event, they point out, they have now filed a written consent to removal. (Doc. 13.) Second, Defendants Adams and McCullough challenge Plaintiff's argument that severance is appropriate. (Doc. 12, p. 1, 4-5.) And third, they contend that remand is not statutorily appropriate under 28 U.S.C. § 1447(c). *Id.* at 1.

On November 23, 2026, Plaintiff filed a reply to Defendants Adams and McCullough's response, titled: "Refute to Conclusion." (Doc. 14.) Therein, Plaintiff strenuously argues that the notice of consent to removal filed with Defendants Adams and McCullough's response is legally insufficient and that a lack of unanimity in consent to removal, among other deficiencies, requires remand to the state court. *Id.* at 1-2. The Court has carefully considered all of the parties' arguments and concludes that the first motion to remand must be stricken from the record and the second motion to remand must be denied as untimely.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c); *see also Enbridge Energy, LP v. Nessel on behalf of Michigan*, 146 S. Ct. 1074, 1080 (2026) ("After a case is removed, any motion to remand the case to state court must be filed within 30 days of the notice of removal. § 1447(c)."). The notice of removal was filed on September 23, 2026. (Doc. 1.) Plaintiff filed his first motion to remand on October 2, 2026, well within the 30 days. (Doc. 7.)

That motion was unsigned, however, an omission that the Court brought to Plaintiff's attention, directing him to file "a signed copy" of the motion or the motion would be stricken from the record. *See* Fed. R. Civ. P. 11(a). Plaintiff timely filed a signed motion to remand, but it was not a copy of the first motion, as was directed; it included arguments that Plaintiff had not made

in the first motion to remand. (*See* Doc. 11.) Because Plaintiff failed to submit "a signed copy" of the first motion to remand as directed by this Court in the October 14, 2026 memorandum and order, he failed to cure the deficiency in his first motion to remand. Under Rule 11(a), the Court must strike it.[2] *See Rockwell v. Progressive Insurance*, 2025 WL 1370670, at *16-17 (D. Alaska May 12, 2025) (unpublished order) (holding that signed, amended motion that was "not substantively the same as the original motion" and "include[d] new arguments and assertions of fact" did "not remedy the signature deficiency with respect to [the original motion], and thus the Court must strike" the original motion).

The second motion to remand could be considered independently of the first motion to remand, but it was filed more than 30 days after the notice of removal, so it was untimely under the deadline in 28 U.S.C. § 1447(c). To be clear, if Plaintiff had filed "a signed copy" of the first motion to remand as directed by this Court, the signed copy would have operated to cure the initial failure to sign the first motion to remand, which he filed within the 30-day window for a motion to remand. The Court would then have addressed the motion on its merits. But because Plaintiff filed an entirely new motion to remand that included new arguments and alleged new bases for remand, the second motion to remand must be denied as untimely.

Nothwithstanding its decision to strike the first motion to remand, the Court will address the question of how to properly resolve the motion for default judgment Plaintiff filed in the state court. Plaintiff asserts that he filed the motion before the case was removed. Even assuming that application of the prison mailbox rule would result in a finding that the motion was filed before

---

[2] The Court notes that even if it considered the merits of Plaintiff's arguments in his first motion to remand, it would still decline to remand this case. As Defendants Adams and McCullough argue, the federal statute governing removal cases provides for a "motion to remand the case on the basis of any defect other than the lack of subject matter jurisdiction" and directs that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See* 28 U.S.C. § 1447(c). Simply put, the existence at the time of removal of a pending motion for default judgment neither presents a procedural defect in the removal nor demonstrates a lack of subject matter jurisdiction.

the notice of removal,[3] however, the state district court had not ruled on the motion by the time Defendant Borgerstock filed the notice of removal in state court. And once the notice of removal was filed, the state court could not rule on the motion for default judgment. *See* 28 U.S.C. § 1446(d) (directing that once the notice of removal is filed with the clerk of the state court, "the State court shall proceed no further unless and until the case is remanded").

Moreover, once the case was removed to this Court, Rule 81(c)(2) of the Federal Rules of Civil Procedure requires defendants "who did not answer before removal [to] answer or present other defenses or objections under these rules within the longest of [three] periods." In this case, the longest period is "7 days after the notice of removal is filed." F. R. Civ. P. 81(c)(2). But before that period elapsed, this Court entered an order staying the deadline for Defendants to answer or otherwise respond in this case. (Doc. 6.) Therefore, the five defendants who have not yet participated in this case are not in default in this Court—the deadline to answer or otherwise respond to Plaintiff's initial pleading has not expired. As previously stated, this Court will conduct the statutorily required screening of Plaintiff's initial pleading and will issue further orders once screening is complete. If this case passes the required screening and proceeds, Plaintiff may renew his attempts to obtain default judgment if the circumstances at that time support doing so.

3 The publicly available records of the state district court reflect that the clerk did not receive and file Plaintiff's motion for default judgment until September 25, 2026—2 days *after* the notice of removal was filed. *See Gatlin v. Unified Govt. of Wyandotte, et al.*, Case No. JO-2026-CV-002130, case events, available at https://casesearch.kscourts.gov. The motion itself, however, states: "It's September 20, 2026 and I have not received any response, pleading or motion." *See id.* at Motion for Default Judgment, p. 1. Kansas courts apply the "prison mailbox rule," and "deem[] a motion filed on the date a prisoner gives a document to authorities to mail, rather than on the date the clerk of court stamps it as filed." *See Rowell v. State*, 60 Kan. App. 2d 235, 241 (2022). When a motion, like Plaintiff's motion for default judgment, does not contain a certificate of service, Kansas courts have deemed a prisoner's motions filed on the date the prisoner signed the motion. *See id.* at 242. Therefore, it is at least arguable that Plaintiff's motion for default judgment could be deemed filed prior to the notice of removal.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's first motion to remand (Doc. 7) is stricken from the record for the reasons explained in this order.

**IT IS FURTHER ORDERED** that Plaintiff's second motion to remand (Doc. 11) is denied for the reasons explained in this order. The Court will conduct the statutorily required screening of the complaint and will issue additional orders once screening is complete.

**IT IS SO ORDERED**.

**Dated November 24, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**